# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HLUSHMANUK, | : | |
| Petitioner, | : | |
| | : | No. 1:17-cv-01014 |
| v. | : | |
| | : | (Judge Kane) |
| BALTAZAR, <u>et al.</u>, | : | |
| Respondents | : | |

## MEMORANDUM

Before this Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), by <u>pro se</u> Petitioner William Hlushmanuk, an inmate currently confined in the United States Penitentiary, Canaan, Waymart, Pennsylvania ("USP-Canaan"). For the reasons that follow, the petition will be summarily dismissed.

## I. PROCEDURAL HISTORY

On January 6, 2014, following a bench trial in Philadelphia County Court of Common Pleas, Petitioner was convicted of aggravated assault, simple assault, and recklessly endangering another person. <u>See</u> CP-51-CR-0003766-2012; (Doc. No. 1.) On May 2, 2014, Petitioner was sentenced to a term of four to eight years' imprisonment, followed by a five-year consecutive term of probation for aggravated assault and two-year consecutive term of probation for simple assault, with the sentence running consecutively to a federal prison term imposed in an unrelated case. (<u>Id.</u>)

On July 9, 2014, the trial court granted partial relief by holding that simple assault merged with aggravated assault, vacated the concurrent two-year probation sentence, and denied Petitioner's remaining claims. CP-51-CR-0003766-2012, at 15. On August 13, 2015, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. <u>See</u> <u>Hlushmanuk</u>, 2227

EDA 2014. On December 22, 2015, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. CP-51-CR-0003766-2012, at 17.

On September 12, 2016, Petitioner filed a federal habeas corpus petition in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2254, claiming the trial court violated his constitutional rights by granting the motion of the Commonwealth to introduce prior bad-act evidence at trial. See Hlushmanuk v. Coleman, No. 2:16-CV-4948 (E.D. Pa. 2017). The District Court for the Eastern District of Pennsylvania denied Petitioner's § 2254 petition on the grounds that it was procedurally defaulted and raised claims that were non-cognizable. (Id.)

On July 12, 2017, Petitioner filed the instant federal habeas corpus petition with this Court pursuant to 28 U.S.C. § 2254, arguing that the Commonwealth violated his rights to due process and speedy trial by subjecting him to impeachment evidence and that the aggravated assault conviction, categorized as a crime of violence under the residual clause of the Armed Career Criminal ACT ("ACCA"), has been declared unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner's habeas petition has not been served on Respondent. The Court now gives preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 29 U.S.C. foll. § 2254 (1977).

## II.     DISCUSSION

Section 2254 of Title 28 of the United States Code allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief cannot be granted unless all available

state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). Further, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254 (b)(2). In other words, a petition for habeas corpus must meet exacting substantive and procedural standards in order to obtain relief. See id.

With respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Section 2244(b) provides, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;
>
> . . .
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> . . .
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). Congress provided

that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The gatekeeping responsibilities of the court of appeals set forth in Section 2244(b)(3)(A) have essentially divested district courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, it [i.e. Section 2244(b)(3)(A)'s gatekeeping assignment to the Court of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). Thus, if a prisoner asserts a claim that he previously presented in a federal habeas petition, the claim must be dismissed by the court of appeals in all cases. 28 U.S.C. § 2244(b)(1). Further, if the prisoner asserts a claim that he could have raised in a previous petition, the claim must be dismissed by the court of appeals unless it falls within one of two narrow exceptions: (1) claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict, see § 2244(b)(2)(B); or (2) claims relying on new rules of constitutional law, see § 2244(b)(2)(A). See Holder v. Curley, No. 1:CV-10-2236, 2010 WL 5508807, at * (M.D. Pa. Nov. 22, 2010). "However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so." Louder v. Coleman, No. 09-1124, 2009 WL 4893193, at *3 (W.D. Pa. Dec. 10, 2009). That is to say, in the first instance, he must convince "the Court of Appeals that his second or successive petition falls within the narrow exception permitted by the AEDPA and have the Court of Appeals grant him leave to file such a second or successive petition." Id.; see 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section

is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

A review of the instant petition reveals that Petitioner's challenges are based upon the very same state court judgment Petitioner sought relief from in his previously-filed § 2254 habeas petition in the Eastern District of Pennsylvania. Because these claims were previously raised, or could have been raised, [1] in Petitioner's initial federal habeas petition, and thus, do not fall within any of the statutory exceptions outlined above, the instant petition is a second or successive petition as to which this Court lacks subject matter jurisdiction in the absence of pre-authorization from the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b); Benchoff v. Colleran, 404 F.3d 812, 815–17 (3d Cir. 2005); Louder, 2009 WL 4893193, *3 (dismissing Petitioner's second § 2254 habeas petition without having it served on Respondents because it was a second or successive petition and Petitioner did not show that he obtained permission from Court of Appeals to file it). Here, there is no indication that Petitioner was granted leave to file a second or successive petition by the United States Court of Appeals for the Third Circuit. Accordingly, the instant § 2254 petition must be summarily dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2).

---

[1] Petitioner relies on Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (April 19, 2016), in arguing that his aggravated assault conviction does not amount to a crime of violence under the ACCA. However, the Court observes from the Eastern District of Pennsylvania's docket that Petitioner filed his first petition for a writ of habeas corpus on September 12, 2016, after the Supreme Court decided Johnson and Welch. Thus, Petitioner would be precluded from raising this claim in a subsequently-filed habeas petition, as he could have raised it in his first habeas petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."); 28 U.S.C. § 2244(a) ("No Circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus . . . .").

## III. CONCLUSION

For the reasons set forth above, the Court will dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to the Petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). Moreover, the Court will decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order follows.